UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMARA S HAYS,

              Plaintiff,

     v.

CAROLYN W COLVIN, Acting
Commissioner of Social Security,

              Defendant.

CASE NO. 3:15-CV-05675-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff Tamara S. Hays filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to provide clear and convincing reasons supported by substantial evidence for giving little weight to the medical opinions of treating physician Dr. John Thomas Grissom. Had the ALJ properly considered these opinions, the residual functional capacity ("RFC") may have

1  included additional limitations. The ALJ's errors are therefore harmful, and this matter is

2  reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting

3  Commissioner of Social Security ("Commissioner") for further proceedings consistent with this

4  Order.

5  <u>FACTUAL AND PROCEDURAL HISTORY</u>

6         On August 20, 2012, Plaintiff filed an application for disability insurance benefits,

7  alleging disability as of March 23, 2012. *See* Dkt. 11, Administrative Record ("AR") 21. The

8  application was denied upon initial administrative review and on reconsideration. AR 21. A

9  hearing was held before ALJ Cecilia LaCara on December 23, 2013, and a supplemental hearing

10  was held on May 9, 2014. AR 36-59, 60-105. In a decision dated July 28, 2014, the ALJ

11  determined Plaintiff was not disabled. *See* AR 21-30. Plaintiff's request for review of the ALJ's

12  decision was denied by the Appeals Council, making the ALJ's decision the final decision of the

13  Commissioner. *See* AR 4-9; 20 C.F.R. §404.981, §416.1481.

14        In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly: (1)

15  weigh the medical opinion evidence; (2) evaluate Plaintiff's credibility; and (3) determine

16  Plaintiff's RFC. *See* Dkt. 15, p. 1.

17  <u>STANDARD OF REVIEW</u>

18        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

19  social security benefits if the ALJ's findings are based on legal error or not supported by

20  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

21  Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

22

23

24

1

<u>DISCUSSION</u>

2

**I.      Whether the ALJ appropriately weighed the medical opinions of Dr. John Thomas Grissom, M.D.**

3

4

Plaintiff contends the ALJ erred by giving little weight to the opinions of treating physician Dr. John Thomas Grissom, M.D. Dkt. 15, pp. 3-8.

5

6

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

7

8

9

10

11

12

13

14

15

Dr. Grissom began treating Plaintiff in December of 2010 for back and neck pain management. AR 442. On December 14, 2013, Dr. Grissom completed a Multiple Impairment Questionnaire. AR 442-449. He also submitted a letter on June 10, 2014 opining as to Plaintiff's impairments and limitations. AR 1705. The opined limitations were essentially the same in both the questionnaire and letter. Dr. Grissom opined Plaintiff can sit for four hours and stand/walk for four hours in an eight-hour day, though not continuously. AR 444, 1705. He found Plaintiff will have to get up every 20 minutes and will be able to sit again after 20 minutes. AR 444-45, 1705. He opined Plaintiff can: occasionally lift and carry up to ten pounds, but never more; cannot reach above her shoulders; and has marked difficulties in using her arms for reaching and

16

17

18

19

20

21

22

23

24

1  moderate difficulties grasping, turning, and twisting objects and using her fingers/hands for fine

2  manipulation. AR 445-46, 1705. He found Plaintiff will need to avoid temperature extremes and

3  heights, and cannot push, pull, kneel, bend, or stoop. AR 448, 1705. Dr. Grissom opined

4  Plaintiff's pain frequently interferes with her ability to concentrate and maintain attention and

5  she will require unscheduled, 20 minute breaks two to three times per day. AR 447, 1705.

6  Additionally, Dr. Grissom opined Plaintiff's impairments are likely to produce good days and

7  bad days and Plaintiff will be absent from work about two to three times per month because of

8  her impairments or treatment. AR 447-48, 1705.

9        After discussing Dr. Grissom's opinions, the ALJ found:

10         Despite Dr. Grissom's treatment relationship with the claimant, I
           assign his opinions little weight because his specific limitations as
11         to the claimant's functional limitations are not supported by his
           rather limited and vague treatment and examination notes. (*See*
12         Exhibits 2F; 4F; 5F; 6F; 24F).

13 AR 28. The ALJ gave little weight to Dr. Grissom's opinions solely because the opined

14 limitations were not supported by his treatment and examination notes. AR 28. Discrepancies

15 between a doctor's functional assessment and his clinical notes, recorded observations, and

16 other comments regarding a claimant's capabilities "is a clear and convincing reason for not

17 relying" on the opinion. *Bayliss*, 427 F.3d at 1216; *see also Weetman v. Sullivan*, 877 F.2d 20,

18 23 (9th Cir. 1989).  However, "an ALJ errs when he rejects a medical opinion or assigns it little

19 weight while doing nothing more than ignoring it, asserting without explanation that another

20 medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a

21 substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014)

22 (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit has stated:

23         To say that medical opinions are not supported by sufficient
           objective findings or are contrary to the preponderant conclusions
24

> mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted).

The ALJ provided only a conclusory statement finding Dr. Grissom's treatment and examination notes do not support his opinions. AR 28. The ALJ failed to identify any specific evidence contained within Dr. Grissom's treatment records to support her decision. AR 28. Rather, she simply cited to all the exhibits in the record which contain treatment and examination notes from Dr. Grissom's office. *See* AR 28. The treatment notes contain Plaintiff's subjective complaints, reviews of her symptoms, physical examinations, and medical plans for continued care. *See* AR 369-97, 400-411, 412-41, 1692-1704. The ALJ fails to give any explanation on why these 80 pages of treatment notes are vague and limited, and fail to support Dr. Grissom's opinions. *See* AR 28.[1]

Without more, the ALJ has failed to meet the level of specificity required to reject a treating physician's opinion. The ALJ's conclusory statement finding Dr. Grissom's opinions are unsupported by his "limited and vague treatment and examination notes" is markedly insufficient to reject the opinions. *See Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the

---

[1] The Court notes, after reviewing the record, many of the treatment notes support Dr. Grissom's opinions as the notes reflect: intermittent pain impacting daily activities, limited range of motion in Plaintiff's back and shoulder, difficulty with pain management while on medication, pain ranging from 2/10 to 10/10, medication reducing Plaintiff's pain to 5/10 and Plaintiff considering this to work well, positive leg raise tests, diffuse tenderness, and repeated notations of spasms and cervical and lumbar pain on examination. *See e.g.* AR 392, 396, 404, 406, 508, 424, 426, 428, 435, 1692, 1694, 1700, 1702.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1 ALJ felt the treating physician's opinion was flawed"); *Blakes v. Barnhart*, 331 F.3d 565, 569

2 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence

3 to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate

4 findings.").

5       The Court concludes the ALJ failed to provide specific and legitimate reasons supported

6 by substantial evidence for giving little weight to Dr. Grissom's opinions. Accordingly, the ALJ

7 erred.

8       "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

9 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

10 claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

11 *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

12 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

13 application of judgment" by the reviewing court, based on an examination of the record made

14 "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

15 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

16       Had the ALJ properly considered the opinions of Dr. Grissom, she may have included

17 additional limitations in the RFC and in the hypothetical questions posed to the vocational

18 expert, Patricia B. Ayerza. For example, Dr. Grissom found Plaintiff could sit for four hours and

19 stand/walk for four hours in an eight-hour day, but could do neither for four hours continuously.

20 AR 444, 1705. The RFC contains no sitting or standing/walking limitations beyond finding

21 Plaintiff can perform sedentary work. *See* AR 26. Dr. Grissom found Plaintiff cannot reach

22 above her shoulders and has moderate difficulties grasping, turning, and twisting objects and

23 using her fingers/hands for fine manipulation. AR 445-46, 1705. The RFC contains no

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

1  limitations regarding Plaintiff's abilities to reach, grasp, turn, twist, or use her hands for fine

2  manipulation. *See* AR 26. Dr. Grissom also opined Plaintiff's pain frequently interferes with her

3  ability to concentrate and maintain attention, and she would require unscheduled, 20 minute

4  breaks two to three times per day and miss two to three days of work per month. AR 447, 1705.

5  The RFC does not account for any of these limitations. *See* AR 26. If Dr. Grissom's opinions had

6  been properly considered, the RFC may have included additional and greater limitations. As the

7  ultimate disability determination may have changed, the ALJ's error is not harmless and requires

8  remand.

9          **II.        Whether the ALJ properly evaluated Plaintiff's credibility.**

10         Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting

11  Plaintiff's testimony about her symptoms and limitations. Dkt. 15, pp. 9-12. Absent evidence of

12  malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony.

13  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (*quoting Bunnell v. Sullivan*, 947

14  F.2d 341, 344 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify

15  what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*,

16  81 F.3d at 834. "In weighing a claimant's credibility, the ALJ may consider [her] reputation for

17  truthfulness, inconsistencies either in [her] testimony or between [her] testimony and [her]

18  conduct, [her] daily activities, [her] work record, and testimony from physicians and third parties

19  concerning the nature, severity, and effect of the symptoms of which [s]he complains." *Light v.*

20  *Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

21         In this case, the ALJ found Plaintiff's testimony concerning the intensity, persistence, and

22  limiting effects of her symptoms to be "not entirely credible." *See* AR 28-29. The ALJ provided

23  four reasons for finding Plaintiff not entirely credible. The ALJ properly found (1) the medical

24

1    evidence and (2) Plaintiff's medical improvement supported finding Plaintiff was not entirely

2    credible. *See* AR 27-28; *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is

3    a sufficient basis for rejecting the claimant's subjective testimony.") (*citing Johnson v. Shalala*,

4    60 F.3d 1428, 1434 (9th Cir. 1995)); *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d

5    595, 599 (9th Cir. 1999) (an ALJ may discount a claimant's credibility on the basis of medical

6    improvement). However, the ALJ erred in finding Plaintiff not entirely credible because her (3)

7    prior work history and (4) activities of daily living were inconsistent with her complaints of

8    disabling pain. *See* AR 27-28. The Court will discuss only the errors committed by the ALJ.

9        The ALJ found Plaintiff lacked credibility because, despite her medical history, Plaintiff

10    was able to work from 2000-2007 with the same medical conditions which now render her

11    disabled. AR 27. "The ability to work prior to disability onset is not a specific, clear and

12    convincing reason to find Plaintiff less than fully credible." *Kingston v. Colvin*, 2016 WL

13    109947, at *5 (E.D. Wash. Jan. 8, 2016). Here, Plaintiff alleged her disability began on March

14    23, 2012, five years after the ALJ found she was able to work with her conditions. *See* AR 21.

15    This alone is not a clear and convincing reason for finding Plaintiff lacked credibility. Further,

16    while Plaintiff underwent back surgeries throughout 2000-2007 and was able to work, clinical

17    findings reported disc protrusion and stenosis in April 2012 and show Plaintiff underwent

18    cervical spine surgery in June of 2012. *See* AR 27-28. Thus, the evidence shows Plaintiff's

19    conditions did not remain constant from 2000 until the disability onset date. Accordingly, the

20    fact Plaintiff engaged in work prior to her disability onset date is not a clear and convincing

21    reason to find Plaintiff not entirely credible.

22        The ALJ also found Plaintiff's activities of daily living indicate she is capable of

23    performing the demands of sedentary work with the additional functional limitations included in

24

1   the RFC. AR 28. The Ninth Circuit has recognized two grounds for using daily activities to form

2   the basis of an adverse credibility determination: (1) whether the activities contradict the

3   claimant's other testimony and (2) whether the activities of daily living meet "the threshold for

4   transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

5          Here, the ALJ found Plaintiff's daily activities indicate she meets the threshold for

6   transferable work skills. *See* AR 28. The ALJ concluded Plaintiff's ability to prepare her own

7   meals, generally clean her home, and load a dishwasher showed Plaintiff is capable of

8   performing sedentary work with limitations. AR 28. The ALJ found Plaintiff's ability to load the

9   dishwasher indicated she is able to bend, reach, and manipulate objects. AR 28 (*citing* AR 238-

10  245). However, Plaintiff did not state she could load the dishwasher; rather, she stated she could

11  load the washer and dryer, but could not lift the hamper. AR 240. Further, Plaintiff testified she

12  can feed herself, take a shower, make her bed, and do some laundry. AR 74. She stated she helps

13  cook, but does not help much because making "grilled cheese is like a massive project." AR 74.

14  Plaintiff reported she picks up the house and loads the washer and dryer every couple of days.

15  AR 240. She also stated her husband does most of the laundry. AR 240. Plaintiff testified she, on

16  average, spends sixty percent of her day watching television while lying down because of her

17  back pain. AR 80.

18         Plaintiff's limited activities of daily living do not show Plaintiff meets the threshold for

19  transferable work skills or show Plaintiff's activities contradict her testimony. Therefore, the

20  ALJ's finding that Plaintiff's daily activities "indicate she is capable of performing the demands

21  of sedentary work with the additional functional limitations noted in the RFC" is not a clear and

22  convincing reason to discredit Plaintiff. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)

23  (recognizing "disability claimants should not be penalized for attempting to lead normal lives in

24

1  the face of their limitations").

2       As the ALJ provided two invalid reasons for finding Plaintiff not entirely credible, on

3  remand the ALJ must reconsider Plaintiff's credibility in light of the errors discussed above and

4  as necessitated by further consideration of the medical opinion evidence from Dr. Grissom.

5       **III.    Whether the ALJ correctly assessed Plaintiff's RFC.**

6       Plaintiff also contends the ALJ erred in her assessment of Plaintiff's RFC by making

7  conclusory findings that Plaintiff can perform sedentary work. Dkt. 15, pp. 8. The Court

8  concluded the ALJ committed harmful error when she failed to properly consider Dr. Grissom's

9  opinions. *See* Section I, *supra*. The ALJ must therefore reassess the RFC on remand and re-

10  evaluate the remaining steps in the sequential evaluation process.[2] *See* Social Security Ruling 96-

11  8p ("The RFC assessment must always consider and address medical source opinions.");

12  *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into

13  account a claimant's limitations is defective").

14       **IV.    Whether this case should be remanded for an award of benefits.**

15       Plaintiff argues this case should be remanded for an award of benefits. Dkt. 15, p. 12. The

16  Court may remand a case "either for additional evidence and findings or to award benefits."

17  *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper

18  course, except in rare circumstances, is to remand to the agency for additional investigation or

19  explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).

20  However, the Ninth Circuit created a "test for determining when evidence should be credited and

21

22

---

23      [2] The Court also notes the RFC is internally inconsistent. The ALJ found Plaintiff could frequently crouch and occasionally crouch. AR 26. When re-evaluating the RFC on remand, the ALJ must ensure the RFC is internally

24  consistent.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

1 an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.

2 2000). Specifically, benefits should be awarded where:

3   (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

6 *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

7       Based on the above identified errors, the Court concludes issues remain which must be

8 resolved concerning the medical opinion evidence and Plaintiff's credibility, functional

9 capabilities, and ability to perform other jobs existing in significant numbers in the national

10 economy. Therefore, remand for further administrative proceedings is appropriate.

11                          CONCLUSION

12      Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

13 Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

14 this matter is remanded for further administrative proceedings in accordance with the findings

15 contained herein.

16      Dated this 22nd day of April, 2016.

17

18

19                          David W. Christel
                            United States Magistrate Judge

20

21

22

23

24